```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**MALIBU MEDIA, LLC,**

      **Plaintiff,**

  vs.                                    Case No. 2:14-cv-1136
                                              Judge Watson
                                              Magistrate Judge King

**JOHN DOE, subscriber assigned**
**IP address 71.72.116.231,**

      **Defendant.**

### REPORT AND RECOMMENDATION

**I.**

Plaintiff Malibu Media, LLC, a California limited liability company, claims the copyright to 16 motion pictures. Plaintiff filed this action on August 6, 2014, alleging that a John Doe defendant, identified only by internet protocol ("IP") address, violated plaintiff's copyrights by downloading plaintiff's motion pictures and sharing them with others using a BitTorrent network, which is a type of peer-to-peer file sharing software. Through early discovery, *see Order*, ECF 4, plaintiff traced the IP address to one James Smith, who was named as the only defendant in the *Amended Complaint*, ECF 5, and served with process, *Summons Returned Executed*, ECF 15. After defendant failed to plead or otherwise defend in this case as required by law, the Clerk entered his default on March 19, 2015. *Entry of Default*, ECF 19. This matter is now before the Court, pursuant to an order of reference, *Order*, ECF 13, on plaintiff's *Motion for Entry of*

1

*Default Judgment against Defendant James Smith* ("*Plaintiff's Motion*"), ECF 21.

Plaintiff seeks $36,000 in statutory damages, $1,182 in attorney's fees, and $475 in costs; plaintiff also asks that the Court permanently enjoin defendant Smith from infringing, directly or indirectly, plaintiff's copyrighted works. *Id.*

## II.

Rule 55(b) of the Federal Rules of Civil Procedure authorizes a court to enter default judgment against a party whose default has been entered by the clerk. Once default has been entered, a defaulting defendant is considered to have admitted all the well-pleaded allegations relating to liability. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). In order to succeed on its claim of copyright infringement under 17 U.S.C. § 101 *et seq.*, plaintiff must prove that it owns valid copyrights in the motion pictures and that defendant violated one or more of plaintiff's exclusive rights by copying or distributing plaintiff's copyrighted motion pictures without authorization. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 387 F.3d 522, 534 (6th Cir. 2004); *Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *3 (E.D. Mich. July 31, 2013). Here, the *Amended Complaint* alleges all the elements of plaintiff's claim and defendant's default conclusively establishes those elements. *See Thomas v. Miller,* 489 F.3d 293, 299 (6th Cir. 2007) (entry of default judgment "conclusively establishes every factual predicate of a claim for relief").

The mere determination of defendant's liability does not, however, automatically entitle plaintiff to default judgment. The decision to grant default judgment falls within a court's discretion. 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2685 (3d ed.). In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material issues of fact or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt. Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

*Id.* (footnotes omitted). In the case presently before this Court, consideration of these factors militates in favor of granting default judgment. The only matter remaining, then, is the issue of damages.

As noted *supra*, plaintiff seeks $36,000 in statutory damages, which amounts to $2,250 for each motion picture infringed. The Copyright Act permits an award of statutory damages in lieu of actual damages attributable to the infringement. 17 U.S.C. § 504(a)-(c). Statutory damages for each individual act of infringement ordinarily ranges from $750 to $30,000. 17 U.S.C. § 504(c)(1). Where the copyright owner establishes willful infringement, however, the Court may increase the award of statutory damages, up to a maximum of $150,000 per infringement. 17 U.S.C. § 504(c)(2). "The Court has substantial discretion to set statutory damages within the permitted range, but it is not without guidance." *Broadcast Music, Inc. v.*

*H.S.I., Inc.*, No. C2-06-482, 2007 WL 4207901 at *4 (S.D. Ohio Nov. 26, 2007) (citing *Douglas v. Cunningham*, 294 U.S. 207, 210 (1935)). When determining the proper amount of statutory damages, "'courts have looked to: (1) whether [d]efendants' infringement was willful, knowing, or innocent; (2) [d]efendants' profit from infringement; (3) [p]laintiffs' loss from infringement; and (4) deterring future violations by [d]efendants and similarly situated entities.'" *Broadcast Music, Inc. v. 4737 Dixie Highway, LLC*, No. 1:12-cv-506, 2012 WL 4794052, at *4 (S.D. Ohio Oct. 9, 2012) (quoting *H.S.I., Inc.*, 2007 WL 4207901 at *6).

Plaintiff urges the Court to award $2,250 per infringement because defendant's conduct was willful and, because defendant participated in "the BitTorrent swarm of infringers," plaintiff "lost sales of its content to those thousands of infringers." *Plaintiff's Motion*, pp. 9-10. In this case, plaintiff has alleged facts that, when taken as true, could support a finding of willful infringement. However, the facts of this case do not justify plaintiff's requested award.

Although the entry of his default has established a copyright infringement by defendant, it is not necessarily the case that defendant was the original user who made plaintiff's works available to the public. *See Malibu Media, LLC v. Flanagan*, 2:13-cv-5890, 2014 WL 2957701, at *4 (E.D. Pa. July 1, 2014). There is also no evidence that defendant profited from the infringement. The nature of BitTorrent is such that defendant would not likely have reaped any

4

profit from his participation in the infringement of plaintiff's copyrights except for the amount that defendant saved by illegally downloading the motion pictures.  *See Bossard*, 976 F. Supp. 2d at 931.  Plaintiff argues that it lost sales for each of the thousands of infringers in the BitTorrent swarm in which defendant participated.  *See Plaintiff's Motion*, pp. 9-10.  However, plaintiff also suggests that BitTorrent users download copyrighted motion pictures merely "because it's free," not because they actually plan on purchasing the motion pictures.  *See id*. at p. 6.  Moreover, a review of damage awards in other cases involving copyright infringement of plaintiff's works by use of the BitTorrent protocol reveals that an award of $750 to $2,250 per infringement would adequately deter future infringement.  *See Malibu Media, LLC v. Funderburg*, No. 1:13-cv-02614, 2015 WL 1887754, at *4 (N.D. Ill. Apr. 24, 2015) ($750 per violation, for a total award of $9,000); *Malibu Media, LLC v. Cui*, No. 13-5897, 2014 WL 5410170, at *4 (E.D. Pa. Oct. 24, 2014) ($750 per violation, for a total award of $18,000); *Malibu Media, LLC v. Schelling*, No. 13-11436, 2014 WL 3400580 (E.D. Mich. July 8, 2014) ($750 per violation, for a total award of $6,000); *Flanagan*, 2014 WL 2957701 at *4 ($1,500 per violation, for a total award of $30,000); *Malibu Media, LLC v. Cowham*, No. 3:13-cv-00162, 2014 WL 2453027, at *2 (N.D. Ind. June 2, 2014) ($1,500 per violation, for a total award of $36,000); *Malibu Media, LLC v. Goodrich*, No. 12-cv-01394, 2013 WL 6670236, at *11 (D. Colo. Dec. 18, 2013) ($2,250 per violation, for a total award of $36,000); *Malibu Media, LLC v. Brenneman*, No. 3:13-cv-00332, 2013 WL 6560387, at

\*2 (N.D. Ind. Dec. 13, 2013) ($1,500 per violation, for a total award of $16,500). Here, the Court concludes that an award of $750 per work will properly account for defendant's gain, plaintiff's loss, and the public's interest in deterring future violations.

Plaintiff also asks that the Court enjoin defendant from directly or indirectly infringing plaintiff's copyrighted works. The injunction sought by plaintiff would prohibit defendant's use of the internet to reproduce or distribute plaintiff's motion pictures without license or express permission. Plaintiff also asks that the Court order defendant to destroy all copies of plaintiff's copyrighted works downloaded by him onto any computer hard drive or server or transferred onto any physical medium or device in defendant's possession, custody, or control. The Copyright Act authorizes temporary or final injunctive relief as a remedy for infringement "on such terms as [the court] may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). It is well established "that a showing of past infringement and a substantial likelihood of future infringement justifies issuance of a permanent injunction." *Bridgeport Music, Inc. v. Justin Combs Pub.*, 507 F.3d 470, 492 (6th Cir. 2007) (citations and quotations omitted). "Not only is the issuance of a permanent injunction justified 'when a copyright plaintiff has established a threat of continuing infringement, he is *entitled* to an injunction.'" *Id.* (emphasis in original) (quoting *Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir. 1990)). Otherwise, an award of damages without injunctive relief

would amount to a "'forced license to use the creative work of another.'" *Id*. (quoting *Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004)).

In the case presently before the Court, plaintiff has established past infringement by defendant. Considering the factual allegations in the *Amended Complaint*, the nature of the BitTorrent system, *see Patrick Collins, Inc. v. Gillispie*, No. 11-cv-01776, 2012 WL 666001, at *4-5 (D. Md. Feb. 23, 2012) ("Given the nature of the BitTorrent system, the Court finds that a permanent injunction is necessary to protect Plaintiff's ownership rights in this instance."), and the nature of the copyrighted works, *see Schelling*, 2014 WL 3400580 ("'[P]ermanent injunctions are typically granted in situations involving unlawful infringement of copyrights in . . . compositions because of the strong probability that unlawful performances of other copyrighted material will occur.'") (quotations omitted) (quoting *Disney Enters., Inc. v. Farmer*, 427 F. Supp. 2d 807, 819 (E.D. Tenn. 2006)), the Court concludes that plaintiff has sufficiently established a continuing threat to its copyrights. *See Jobete Music Co., Inc. v. Johnson Commc'ns, Inc.*, 285 F. Supp. 2d 1077, 1092 (S.D. Ohio 2003) ("[C]ourts have traditionally granted permanent injunctions if liability is established and a continuing threat to a copyright exists.") (quotations omitted). Plaintiff's request for permanent injunctive relief is therefore meritorious.

Plaintiff also seeks $1,182 in attorney's fees and $475 in costs. Plaintiff itemized its costs and its counsel declared that he spent

1.9 attorney hours prosecuting plaintiff's claims against defendant at a rate of $300 per hour and a 7.2 paralegal hours at a rate of $85 per hour.  *Declaration of Yousef M. Faroniya, Esq.*, attached to *Plaintiff's Motion*.  The Court has the discretion to award fees to the prevailing party in a copyright infringement action.  17 U.S.C. § 505.  The United States Court of Appeals for the Sixth Circuit has identified factors to be considered in determining whether to award attorney's fees, including such factors as "'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'"  *Zomba Enters., Inc. v. Panorama Records, Inc.*, 491 F.3d 574, 589 (6th Cir. 2007) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)).  "The grant of fees and costs 'is the rule rather than the exception and they should be awarded routinely.'"  *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 592 (6th Cir. 2008) (quoting *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 380 (5th Cir. 2004)).

The Court concludes that plaintiff is entitled to an award of reasonable attorney's fees and costs.  The Court also concludes that the requested attorney's fees and costs are reasonable.

### III.

It is therefore **RECOMMENDED** that plaintiff's *Motion for Entry of Default Judgment Against Defendant James Smith*, ECF 21, be **GRANTED in part** and **DENIED in part**.

It is **SPECIFICALLY RECOMMENDED** that Defendant James Smith be **PERMANENTLY ENJOINED** from directly or indirectly infringing plaintiff's copyrighted works, including by use of the internet to reproduce, copy, distribute, or make available for distribution to the public plaintiff's copyrighted works, unless plaintiff provides defendant with a license or express permission.

It is **RECOMMENDED** that Defendant James Smith be **ORDERED** to destroy all copies of plaintiff's motion pictures identified in Exhibit B of the *Amended Complaint* that defendant James Smith has downloaded onto any computer hard drive or server without plaintiff's authorization and all copies that have been transferred onto any physical medium or device in defendant James Smith's possession, custody, or control.

It is also **RECOMMENDED** that plaintiff be **AWARDED** statutory damages against defendant James Smith in the amount of $12,000 and attorney's fees and costs in the total amount of $1,657.

### IV.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


May 15, 2015                                         *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                          United States Magistrate Judge